UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RADHAMES ARIAS,

            Petitioner,

vs.    Civil Case Nos.  2:06-cv-381-FtM-29SPC
                                                 2:04-cr-91-FtM-29SPC

UNITED STATES OF AMERICA,

            Respondent.
_____/

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. #1) and Memorandum of Laws and Facts in Support of his motion (Doc. #2), both filed on July 28, 2006. The government filed its Response in Opposition (Doc. #10) on October 12, 2006.

**I.**

On March 30, 2005, a three-count Superseding Indictment charged petitioner with three counts: (1) That from an unknown date up to and including September 23, 2004, petitioner conspired to possess with intent to distribute more than one kilogram of heroin; (2) that on or about September 23, 2004, petitioner possessed with intent to distribute more than one kilogram of heroin; and (3) that from an unknown date up to and including September 23, 2004, petitioner

conspired to possess with intent to distribute a quantity of marijuana. (Cr. Doc. #59[1].)

On August 22, 2005, petitioner plead guilty to all three counts without a written plea agreement (Cr. Doc. #118).  Petitioner was sentenced on November 28, 2005 to 78 months' imprisonment as to Counts One and Two, and 60 months' imprisonment as to Count Three; the three sentences were to run concurrently.  Additionally, petitioner received five years of supervised release as to Counts One and Two, three years supervised release as to Count Three, also to be served concurrently.  (Cr. Doc. #128.)  The sentence reflected the Court's granting of the government's motion for a downward departure based upon substantial assistance.  (Cr. Doc. #129.)  Judgment was entered on the same date.  (Cr. Doc. #130.)  Petitioner did not file a direct appeal and filed this timely §2255 motion.

In his §2255 motion and memorandum of law, petitioner contends that he received ineffective assistance of counsel because his attorney failed to move for a downward departure based upon (1) his deportable alien status, (2) his eligibility for the safety valve, and (3) his family ties.  Since the record refutes each claim, petitioner's request for an evidentiary hearing (Cv. Doc. #2, p. 2) is denied.

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Doc.).

**II.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005); Wiggins v. Smith, 123 S. Ct. 2527, 2535 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied, 493 U.S. 842 (1989);

United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

**A.**

Petitioner argues he should have received a six month reduction in sentence for being a "deportable alien," and his attorney was ineffective in failing to request such a reduction. Petitioner asserts that the sentence reduction would compensate for being subjected to various disadvantages in confinement, such as being ineligible for placement at certain locations, including halfway houses, and the disadvantages of having an immigration detainer filed.

The Presentence Report stated that immigration records indicated petitioner was legally residing in the United States as a permanent resident, but that based on the current offense he may be subject to removal proceedings. Presentence Report, ¶ 41. The Court finds that petitioner's attorney did not render ineffective assistance. The Eleventh Circuit has rejected arguments such as petitioner's, stating that "[n]o decision to which [it has] been directed, or that [it has] found, has upheld a downward departure based upon collateral consequences related directly or indirectly to the defendant's status as an alien." United States v. Maung, 320 F.3d 1305, 1308 (11th Cir.

2003). See also United States v. Reid, 152 Fed. Appx. 884 (11th Cir. 2005). The failure to request such a departure in this case did not constitute ineffective assistance of counsel.

**B.**

Petitioner's assertion that he was due a "safety valve" downward departure but did not receive one. Petitioner's Presentence Report establishes that petitioner did get a two level "safety valve" downward adjustment. Presentence Report, ¶ 25. Therefore, counsel could not have been ineffective, and this issue is without merit.

**C.**

Petitioner claims that he was denied effective assistance of counsel because his attorney failed to request a downward departure on the basis of his family ties or cultural assimilation. The 2005 Sentencing Guidelines §5H1.6 states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Cultural assimilation is akin to family ties and are treated in the same fashion. United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998), relied upon in United States v. Sanchez-Valencia, 148 F.3d 1273 (11th Cir. 1998). Thus, a downward departure can only be justified upon the showing of extraordinary circumstances. Petitioner has not shown why his family ties or cultural assimilation were extraordinary, therefore, his counsel did not provide ineffective assistance by failing to request such departures.

In sum, the Court finds that petitioner has failed to show that counsel's representation was deficient or that any alleged deficiency prejudiced him. Therefore, petitioner's claims of ineffective assistance of counsel are without merit.

Accordingly, it is now

**ORDERED**:

1. Motion to Vacate, Set Aside or Correct Sentence (Doc. #1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of July, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record
Radhames Arias